I disagree with the majority's granting of the writ of mandamus in this case because I see no abuse of discretion by the trial court in ordering production of certain documents during the discovery phase of the eminent domain hearing.
Ala. Code 1975, § 18-1A-130, states:
 "Discovery and pretrial conferences in condemnation actions in the circuit court are governed by the Alabama Rules of Civil Procedure.
 "Nothing in this section shall be construed to enable any party to obtain a written valuation report of the other party."
(Emphasis added.)
The majority states that the legislature intended for the second sentence in § 18-1A-130 to prohibit the discovery of another party's valuation report in condemnation actions. I disagree. The first sentence of § 18-1A-130 provides that "[d]iscovery and pretrial conferences in condemnation actions . . . are governed by the Alabama Rules of Civil Procedure." Those Rules provide that a party may "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Ala. R. Civ. P. 26(b)(1). I believe the second sentence was placed in §18-1A-130 to iterate that although that particular section does not provide for the discovery of valuation reports, the Alabama Rules of Civil Procedure govern discovery and pretrial conferences in condemnation actions and should be looked to for guidance. I find valuation reports to be relevant in eminent domain hearings for use in showing the worth of the property the public entity seeks to take for public use. I would not grant the extraordinary remedy in this case, because I do not see an abuse of discretion.
SHORES and KENNEDY, JJ., concur.